UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MOHAMED SADDIQ ODEH,

    Petitioner,

v.                                          CASE NO.:   5:23-cv-590-JLB-PRL

WARDEN, FCC COLEMAN-USP I,

    Respondent.
_____/

## OPINION AND ORDER

Pending before the Court is Petitioner Mohamed Saddiq Odeh's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  (Doc. 1).  Petitioner alleges that because he is of Arabic origin and has been labeled a member of an unpopular group, the Federal Bureau of Prisons ("BOP") is violating the Constitution's Equal Protection Clause by precluding him from receiving the benefits of earned time credits under the First Step Act ("FSA").  (Doc 1 at 2).  In its response, Respondent contends the petition should be denied because Petitioner is ineligible for earned time credits due to his, among others, terrorism-related murder convictions.  (Doc. 11 at 2).  Despite being afforded an opportunity to file a reply (Doc. 9), Petitioner failed to do so.

### I.  Background

Petitioner and two codefendants were convicted of "numerous charges arising from their involvement in the August 7, 1998 bombings of the American Embassies in Nairobi, Kenya and Dar es Salaam, Tanzania[.]"  In re Terrorist Bombings of

U.S. Embassies in E. Afr. v. Odeh, 552 F.3d 93, 101 (2d Cir. 2008). Specifically, Petitioner was convicted of the following offenses:

> conspiracy to murder United States nationals in violation of 18 U.S.C. § 2332(b) (Count 1); conspiracy to murder internationally protected persons, United States officers, and employees engaging in official duties in violation of 18 U.S.C. § 1117 (Count 2); and conspiracy to destroy buildings and property of the United States in violation of 18 U.S.C. § 844(n) (Count 4). In addition, [Petitioner and a codefendant] were convicted of conspiracy to use weapons of mass destruction against United States nationals and property overseas in violation of 18 U.S.C. § 2332a(a)(1) & (3) (Count 3).
>
> [Petitioner and a codefendant] were also convicted of the following substantive capital offenses: causing death by bombing the American Embassy in Nairobi in violation of 18 U.S.C. §§ 844(f)(3) (Count 5); use of a weapon of mass destruction for bombing the American Embassy in Nairobi in violation of 18 U.S.C. § 2332a(a)(1) & (3) with death resulting (Count 7); murder of 133 individuals in the course of an attack on a U.S. facility in Nairobi, in violation of 18 U.S.C. § 930(c) (Counts 9–221); murder of U.S. officers and employees in Nairobi in violation of 18 U.S.C. § 1114 (Counts 233–73); and murder of internationally protected persons in violation of 18 U.S.C. § 1116 (Counts 278–79). In addition, they were convicted of the following non-capital offenses: attempted murder of officers and employees of the American Embassy in Nairobi in violation of 18 U.S.C. §§ 1114 (Count 274); attempted murder of internationally protected persons in violation of 18 U.S.C. § 1116 (Count 280); using and carrying an explosive during commission of a felony in violation of 18 U.S.C. §§ 844(h) (Count 282); and using and carrying an explosive device during a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 283).

Id. at 107.

Petitioner was sentenced to Life imprisonment on counts 1, 3, 4, 5, 7, 9, 11 through 223, 235 through 275, 276, 280, 281, 282, to be followed by a mandatory 10 years' imprisonment on count 284, to be served consecutively to the above-referenced counts, followed by a mandatory 30 years' imprisonment on count 285 to

be served consecutively to the above-referenced counts. United States v. Hage et al., No. 1:98-cr-1023-LAK-3, Doc. 641 (S.D.N.Y. Oct. 24, 2001). Petitioner is serving his Life sentence at USP Coleman I. See Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited Apr. 7, 2025).

Petitioner claims the BOP has incorrectly determined he is ineligible to earn a sentence reduction under the FSA, claiming that the BOP has impermissibly denied him a sentence reduction because he is Arabic and has been labeled by the United States Government as a member of an unpopular group. (Doc. 1 at 7). Respondent contends that the Petition should be denied because Petitioner is not eligible for credits under the FSA due to the nature of his underlying convictions. (Doc. 11 at 2). Petitioner moved to strike the BOP's response to his petition because the response failed to address Petitioner's discrimination claims. (Doc. 12 at 11). The BOP responded, contending that Petitioner's claims of discrimination and medical evaluation procedures are not cognizable in a section 2241 proceeding because they "attack the circumstances, not the fact, of [Petitioner's] confinement[.]" (Doc. 14 at 3). The Court denied the motion to strike as unwarranted. (Doc. 15 at 2).

## II.  Analysis

The Supreme Court has recognized that "[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." United States v. Wilson, 503 U.S. 329, 335 (1992). The FSA directed the Attorney General to develop and release a system for assessing the risks and needs of prisoners. See 18 U.S.C. § 3632(a). Relevant

here, the FSA requires the BOP to assign prisoners to appropriate evidence-based recidivism reduction programs or productive activities based on an individualized risk and needs assessment. See 18 U.S.C. §§ 3621(h)(1)(A), 3632(a)–(b). A prisoner who successfully completes these programs earns additional time credits. 18 U.S.C. § 3632(d)(4)(A). However, prisoners are not eligible to receive these earned time credits if they have been convicted under any of sixty-eight statutory provisions, including the murder of internationally-protected individuals and U.S. officers, possession and use of weapons of mass destruction against U.S. nationals and property overseas, and the destruction of federal property by means of fire or explosive, causing death convictions, among others, for which Petitioner is currently serving his sentence. 18 U.S.C. § 3632(d)(4)(D). Specifically, Petitioner is ineligible to receive earned time credits due to his convictions under 18 U.S.C. § 2332a(b) & (a) (counts 1, 3, and 7), see 18 U.S.C. § 3632(d)(4)(D)(xviii); section 1114 (counts 233–74) and section 1116 (counts 278–80), see 18 U.S.C. § 3632(d)(4)(D)(xxv) as defined in Chapter 51); section 844(f)(3) & (h) (counts 4, 5, 282), see 18 U.S.C. § 3632(d)(4)(D)(xix); and section 924(c) (count 283), see 18 U.S.C. § 3632(d)(4)(D)(xxii). Thus, Petitioner is not entitled to earned time credits under the FSA.

To the extent Petitioner invokes an equal protection claim, the claim is dismissed because it is not cognizable in this section 2241 proceeding. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from

illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). "[T]he sole function of habeas corpus is to provide relief from Unlawful imprisonment or custody, and it cannot be used for any other purpose." Cook v. Hanberry, 592 F.2d 248, 249 (5th Cir. 1979), opinion corrected, 596 F.2d 658 (5th Cir. 1979).

Even if such claims were cognizable, a prisoner has "no constitutional or inherent right" to be released before a valid sentence is completed. Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Because prisoners are not a suspect class, claims of violations of prisoners' rights are subject to the rational basis test, which means "the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). Additionally, there is no fundamental right under the Constitution to good-time credit. See Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Thus, the FSA's exclusion of certain offenses from consideration for time credits does not violate the Equal Protection Clause. See United States v. Powell, No. 2:11-cr-205, 2023 WL 5489030, at *5 (E.D. Va. Aug. 24, 2023) ("Here, there is a clear rational basis for treating persons who have been convicted of the excluded offenses differently than persons who have been convicted of other offenses. The excluded offenses . . . are some of the most serious crimes punishable under federal law.").

Because Petitioner is ineligible for earned time credits due to his convictions, the Petition is denied.[1]

---

[1] The Court has carefully reviewed the record and determines that no evidentiary proceedings are warranted to resolve this petition. See Schriro v. Landrigan, 550 U.S. 465, 474 (2007). Petitioner does not proffer any evidence that

### III. Conclusion

Based on the foregoing, it is now

**ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this file.

**DONE** and **ORDERED** in Fort Myers, Florida on April 7, 2025.

*[signature]*

**JOHN L. BADALAMENTI**
**UNITED STATES DISTRICT JUDGE**

Copies: All Parties of Record

---

would necessitate an evidentiary hearing. See Chandler v. McDonough, 471 F.3d 1360, 1362–63 (11th Cir. 2006). Also, the Court finds that the pertinent facts of the case are fully developed in the record before the Court. See Schriro, 550 U.S. at 474.